UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER J. GREER,** | : | |
| | : | **CIVIL ACTION NO** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **JURY TRIAL DEMAND** |
| **v.** | : | |
| | : | |
| **CSX TRANSPORTATION, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

COMPLAINT

COMES NOW Plaintiff, Christopher J. Greer and files this Complaint against Defendant CSX Transportation, Inc., respectfully showing this Court as follows:

NATURE OF THE CASE – PARTIES – JURISDICTION

1. Christopher J. Greer ("Plaintiff") brings this cause of action against his employer, Defendant CSX Transportation, Inc. ("CSX") pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51 et seq.

2. Defendant CSX is a Virginia corporation is a common carrier by rail, Plaintiff's employer with engines, cars and tracks in Talladega County, Alabama doing business in Alabama and may be served with process through its registered

agent for service: CT Corporation System 2 North Jackson Street, STE 605, Montgomery, Alabama 36104.

3. Plaintiff is a resident of the state of Alabama and resides at 801 Saylor Circle, Arab, Marshall County, Alabama 35016.

4. At all times material herein, Plaintiff as employee and Defendant CSX as employer were mutually engaged in acts and services affecting interstate commerce.

5. This action is maintained pursuant to 45 U.S.C. § 51-60 (commonly referred to as the Federal Employers' Liability Act or FELA) and pursuant to applicable federal, regulatory, and common law.

6. Jurisdiction and Venue are proper within this District and Division pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1391, as the events and omissions giving rise to the claim occurred in Talladega County, Alabama.

## FACTS

7. Plaintiff was at all times relevant to the Complaint an employee of defendant CSX.

8. On or about February 21, 2020, Christopher J. Greer was injured while working in the course and scope of his duties as an engineer at or near Defendant's rail yard in Talladega, Alabama when he sustained injuries to his hearing and ear causing a loss of the ability to hear and function and other resulting bodily injuries.

9. CSX was by rule to supply Plaintiff with hearing protection in order to

reduce the Plaintiff's exposure to noise while at work.

10.    CSX failed to provide or make available to Plaintiff hearing protection on the day of the incident.

11.    In addition, pursuant to CSX rules, Plaintiff was required to stand near and adjacent to the tracks at the Talladega yard to observe a passing train as it sounded its horn.

12.    As a result of not being provided hearing protection and being required to stand adjacent to the sounding of the horn by the passing locomotive, Plaintiff suffered ear injury and resulting permanent damage and bodily injury and has been unable to return to work for his employer CSX.

13.    At the time of the injury described above, Christopher J. Greer's duties were in furtherance of interstate commerce, and his work directly, closely and substantially affected the interstate commerce carried on by the defendant.

## COUNT I – NEGLIGENCE UNDER THE FELA

14.    Plaintiff re-alleges paragraphs 1 – 13 as if each was set forth in its entirety.

15.    Defendant CSX violated the Federal Employers Liability Act (FELA) when it negligently failed to provide Christopher J. Greer with a reasonably safe place to work at the CSX Talladega Yard as required by 45 U.S.C. § 51 et seq. on February 21, 2020.

16. At said time and place, it was the Defendant CSX's non-delegable duty to provide its employee Plaintiff Christopher J. Greer with a reasonably safe place to work pursuant to the FELA, including a safe work environment and practices, including the proper safety equipment and operational rules in place in order to safely perform his duties.

17. Notwithstanding said duty, by and through its agents, servants, officers and employees, acting within the scope of their employment, the Defendant CSX negligently and carelessly breached its non-delegable duty to provide its employee Christopher J. Greer with a reasonably safe place to work in violation of the FELA.

18. The defendant was negligent in:

   a. Failing to provide a reasonably safe workplace;

   b. Failing to provide a safe and sufficient hearing protection on the day of the incident;

   c. Negligently and carelessly failing to promulgate and/or enforce rules, regulations, policies, or procedures for the safe and proper performance of its work, and ensuring safe working conditions in general and adequate working conditions including hearing protection;

   d. Failing to follow industry custom and practice with regard to providing suitable working conditions and thereby failing to provide him with a reasonably safe place to work;

   e. Failing to properly and non-negligently promulgate rules to protect Plaintiff's safety including his hearing and instead expose him through a CSX required rule to the dangerous and unsafe

        condition ;

    f.    Failing to warn Plaintiff of known or reasonably foreseeable dangers associated with his work environment;

    g.    Such other acts of negligence to be shown at the trial of this matter.

19.    As a result of the negligence of the Defendant CSX, Plaintiff Christopher Greer sustained immediate, serious, painful and permanent injuries and mental anguish and has been unable to return to work for his employer CSX.

20.    As a direct result of CSX's statutory violations as set forth above, Plaintiff sustained serious and permanent injuries, incurred medical expenses, has lost wages and fringe benefits has suffered and will continue to suffer physical and mental pain and suffering in the future.

WHEREFORE, Plaintiff prays the following:

(a)    That process be issued to the Defendant and that it be served according to law;

(b)    That judgment be entered in Plaintiff's favor for compensatory damages, including unpaid medical expenses, past lost wages, future lost wages and diminished earning power, future medical benefits and expenses, and past and future pain in suffering, in such amounts that a jury shall determine are just and reasonable under the circumstances; and

(c) That Plaintiff be provided a trial by jury and afforded any and all such other relief as the Court shall deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

*/s/ Kirby D. Farris*_____
Kirby D. Farris
Attorney for Plaintiff
**FARRIS, RILEY & PITT, L.L.P.**
505 20th Street North, Suite 1700
Birmingham, Alabama 35203
(205) 324-1212
kfarris@frplegal.com

-And-

**STEEL & MOSS, LLP**
John D. Steel *(pro hac motion to be filed)*
Georgia Bar No.  677646
The Fountains at Piedmont Center
3495 Piedmont Road, N.E.
Building 11, Suite 905
Atlanta, Georgia 30305
Tel: (404) 264-1292